IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VIRGILIO GONZALEZ HENRIQUEZ,    )
                                )
            Petitioner,         )
                                )
v.                              )        Civil Action No. 1:25-cv-02018-AJT-IDD
                                )
JOSEPH SIMON, *et al.*,         )
                                )
            Respondents.        )
                                )

## ORDER

Virgilio Gonzalez Henriquez ("Petitioner") filed a Petition for Writ of Habeas Corpus,

[Doc. No. 1] (the "Petition"), seeking release from Immigration and Customs Enforcement ("ICE")

custody that began on or around October 21, 2025 on the grounds that his ongoing detention

violates the Immigration and Nationality Act (the "INA"),  ICE regulations including 8 U.S.C. §

1357(a)(2), the Administrative Procedure Act, and his Fifth Amendment due process rights. Upon

consideration of the Petition, the memoranda in support thereof and in opposition thereto, and for

the reasons stated below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner is a 66-year-old native and citizen of El Salvador who entered the United States

without inspection on an unknown date approximately 20 years ago. [Doc. No. 1] ¶ 34; [Doc. No.

6-1] ¶ 5. He has no criminal record. [Doc. No. 1] ¶ 35. On or around October 21, 2025, Petitioner

was apprehended by ICE Enforcement and Removal Operations officers after the vehicle in which

he was a passenger was stopped by local police in or around Greenbelt, Maryland; Petitioner was

then taken into ICE custody. [Doc. No. 1] ¶ 38; [Doc. No. 5-1] ¶¶ 8-9. On November 18, 2025,

1

Petitioner was issued a Notice to Appear ("NTA"), which charged him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, and under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission to the United States was not in possession of any valid entry document. [Doc. No. 6-1] ¶ 7. He remains in detention at the Farmville Detention Center and has not been provided a bond hearing. [Doc. No. 1] ¶¶ 2, 39. He filed the Petition on November, 2025, and the parties' opposition and reply briefs were filed on November 26 and December 2, 2025, respectively. [Doc. Nos. 4, 6].

## II.    LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.    DISCUSSION

Petitioner contends that his ongoing detention without a bond hearing violates the INA (specifically 8 U.S.C. § 1226(a)) (Count I); violates *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), as applied to a statute governing ICE arrests (8 U.S.C. § 1357(a)(2) (Count II); the Administrative Procedure Act (5 U.S.C. §§ 551 *et seq.*) (Count III); and his Fifth Amendment due process rights

(Count IV).[1] [Doc. No. 1] ¶¶ 40-54. He requests that he be released, or in the alternative, that he be given a new bond hearing pursuant to ordinary procedures under 8 U.S.C. § 1226. *Id*. at 10. In their opposition, Respondents argue that Petitioner's detention is lawful and constitutional under the INA because he was detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a). [Doc. No. 6] at 6–24.

As an initial matter, the Court observes that Respondents make the same arguments they made, and this Court rejected, in *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). There, like here, the dispositive issue reduced to whether Petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). At bottom, Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection, thereby subjecting himself to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). [Doc. No. 6] at 6–16.

The Court concludes that for all the reasons previously stated in *Luna Quispe*, and consistent with how several district courts around the country have interpreted the provisions in question, Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not

---

[1] With regard to petitioner's claim under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) ("APA") Respondents contend that this APA claim is not a cognizable claim when asserted within the context of a habeas petition. [Opp.] at 15 n.5. Petitioner responds that 5 U.S. Code § 703 expressly permits him to seek judicial review of an agency action under the APA. [Reply] at 4.  This Court has dismissed similar claims in its recent decisions on that basis–both in immigration habeas actions of the type at issue here, and in claims for attorneys' fees under the Equal Access to Justice Act 5 U.S.C. § 504) ("EAJA"). *See Pineda v. Simon*, No. 1:25-CV-01616, 2025 WL 2980729, at *3 (E.D. Va. Oct. 21, 2025). Petitioner likewise does not cite any authority supporting his proposition that challenges to his unlawful arrest, standing alone and as distinct from challenges to his current detention, are cognizable in a Habeas action. This is not the case in the criminal realm (*see Moreland v. United States*, 347 F.2d 376, 377 (10th Cir. 1965) (denying relief under habeas statute for state detainees where the only constitutional violation alleged was an unlawful arrest)), and Petitioner only cites to several cases from this court that granted Habeas relief on grounds that those petitioners' continued detention (not their arrests) violated the INA. *See, e.g. Pineda, 2025 WL 2980729* at *2. However, because Petitioner's Counts I and IV offer a sufficient basis for habeas relief, the Court need not exhaustively address either his APA claim nor his *Accardi* claim.

§ 1225(b)'s mandatory detention procedures.[2] Respondents' application of section 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the country (albeit unlawfully).[3] *See Luna Quispe*, 2025 WL 2783799, at *4–6. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Petitioner has been present in the United States since approximately 2005 and thus falls in the former category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a).[4] And

---

[2] *See, e.g.*, *Gomes v. Hyde*, 2025 WL 1869299 (D. Mass. July 7, 2025); *Martinez v. Hyde*, 2025 WL 2084238 (D. Mass. July 24, 2025); *Lopez Benitez v. Francis*, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *J.O.E. v. Bondi*, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Jacinto v. Trump*, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); *Samb v. Joyce*, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Dos Santos v. Noem*, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Garcia Jimenez v. Kramer*, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Anicasio v. Kramer*, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Rosado v. Figueroa*, 2025 WL 2337099 (D. Ariz. Aug. 11,2025); *Orellana Juarez v. Moniz*, 2025 WL 1698600 (D. Mass. June 11, 2025); *Hernandez Nieves v. Kaiser*, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Vasquez Garcia v. Noem*, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Carmona-Lorenzo v. Trump*, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); *Lopez-Campos v. Ravcroft*, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

[3] Respondents' reliance on *Lopez-Sorto v. Garland*, 103 F.4th 242 (4th Cir. 2024) and *Jimenez-Rodriguez v. Garland*, 996 F.3d 190 (4th Cir. 2021) is misplaced. In *Lopez-Sorto*, the Fourth Circuit distinguished between an individual that "crosses the border into the country without authorization and without going through the regular procedures of admission" and one that enters through "parole," holding that an entry through parole "does not constitute an admission." 103 F.4th at 252. Importantly, the court did not hold, as Respondents contend, that an individual cannot be physically present in the United States if they are not also admitted. *Id.* Likewise, *Jimenez-Rodriguez v. Garland* is unpersuasive, as the Fourth Circuit considered in that case the Attorney General's grant of inadmissibility waivers under 8 U.S.C. § 1182(d)(3)(A)(ii), not the mandatory detention procedures in 8 U.S.C. § 1225. 996 F.3d 190 (4th Cir. 2021).

[4] The Court recognizes that in a recent decision by the Board of Immigration Appeals (BIA), *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), relied on by Respondents, the BIA held that noncitizens who are present in the United States without admission and are arrested on a warrant are subject to § 1225(b)(2)(A). *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 227. In doing so, the BIA "acknowledge[d] that for years Immigration Judges have conducted § 1226(a) bond hearings for aliens who entered the United States without inspection."). *Id.* at 225 n.6. The Court is not bound by that decision and finds its reasoning unpersuasive. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01, 406 (2024) (interpretation of the meaning of a statute belongs to the "independent judgment" of the courts, as "agencies have no special competence in resolving statutory ambiguities"); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (stating that the "weight of a[n] [administrative] judgment in a particular case will depend upon the

4

Respondents' interpretation of sections 1225 and 1226 would subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." *Lopez Benitez v. Francis*, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (concluding that a habeas petitioner who had applied for asylum was not "seeking admission" within the meaning of § 1225(b)).

With respect to Petitioner's due process claim, Respondents contend that Petitioner is not entitled to constitutional due process since he was mandatorily detained under 8 U.S.C. § 1225(b)(1) and his detention is therefore governed exclusively by that section of the INA. [Doc. No. 4] at 16–18. Having determined that Petitioner's detention is governed by section 1226, the Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes for the reasons stated in *Luna Quispe* that Petitioner's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.[5] *See Luna Quispe*, 2025 WL 2783799, at *7–9.

For the reasons set forth above, Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.

## IV.    CONCLUSION

---

thoroughness evident in its consideration, the validity of its reasoning, *its consistency with earlier and later pronouncements*, and all those factors which give it power to persuade, if lacking power to control") (emphasis added).
[5] In opposition to Petitioner's due process claims, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.

For the above reasons, the Petition is granted, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are ENJOINED from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
December 19, 2025

Anthony J. Trenga
Senior United States District Judge

6